

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**10/26/2007**

| | | |
|---|---|---|
| IN RE: | § | |
| CAROLYN G CAUDILL | § | CASE NO: 07-32771 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

<u>**MEMORANDUM OPINION**</u>
<u>**FINDINGS AND CONCLUSIONS CONCERNING MOTION TO AVOID LIEN**</u>
<u>**(DOC. # 29)**</u>

Debtor filed a motion to avoid a judgment lien on her homestead.  The lienholder,  Ms. Pamela Peters ("Ms. Peters") objected to avoidance of the lien alleging that the property was not an exempt homestead, alleging that Debtor had abandoned the homestead, and intended to sell the property, and further alleging that if the statute(s) are read literally the lien does not impair Debtor's homestead exemption.  After hearing, the Court concludes that, for reasons set forth below and by separate order issued this date, the lien is avoided.

## I.   BACKGROUND

Carolyn Caudill, "Debtor," filed her voluntary petition commencing this case under chapter 7 of the Bankruptcy Code on April 27, 2007.  On June 20, Debtor filed a motion to avoid the judicial lien held by Ms. Peters on Debtor's real property located at 922 Mulberry Ridge Way, Houston, Texas.  The motion is amended at docket # 29.  Debtor asserts the property is fully exempt and held primarily for the family and household use of the Debtor.  Debtor asserts that the existence of the lien on Debtor's real property impairs exemptions to which the Debtor would be entitled under Texas law and Bankruptcy Code § 522(b)(3).

Ms. Peters filed an objection to the motion in the form of a letter.  (Docket # 23, docket # 25 and docket # 26 appear to be duplicate responses).  Ms. Peters contends that since the real property was empty and shown for sale in 2006 the property cannot be Debtor's homestead.

The Court held an initial hearing on August 20.  The Court continued the hearing to allow the parties to brief their arguments and to present evidence at a later hearing.  The final evidentiary hearing was held and concluded on October 23, 2007.  After review of the briefs and final hearing, the Court finds as follows.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.   **The deadline for objecting to Debtor's claim of exemptions has run and can no longer be raised.**

The Bankruptcy Code, in conjunction with the Federal Rules of Bankruptcy Procedure, establish the procedure for objecting to the claimed exemptions of a debtor in bankruptcy.

> The debtor shall file a list of property that the debtor claims as
> exempt under subsection (b) of this section. If the debtor does not
> file such a list, a dependent of the debtor may file such a list, or
> may claim property as exempt from property of the estate on
> behalf of the debtor. <u>Unless a party in interest objects, the property
> claimed as exempt on such list is exempt.</u>

11 U.S.C. § 522(l) (emphasis supplied).

> (b) Objections to claim of exemptions.
> <u>A party in interest may file an objection to the list of property
> claimed as exempt only within 30 days after the meeting of
> creditors held under § 341(a) is concluded</u> or within 30 days after
> any amendment to the list or supplemental schedules is filed,
> whichever is later. The court may, for cause, extend the time for
> filing objections if, before the time to object expires, a party in
> interest files a request for an extension. Copies of the objections
> shall be delivered or mailed to the trustee, the person filing the list,
> and the attorney for that person.

FRBP 4003 (emphasis supplied).

The 341 meeting was concluded on June 5, 2007. (Docket at June 6, 2007.) The deadline to file an objection to Debtor's exemptions was July 5, 2007. No objection has been filed, and the Court has no power to extend the time to object where no party has shown cause for an extension before the expiration of time. Debtor's claimed exemption in the property stands.

Ms. Peters argued at the hearing that she did not receive notice of the bankruptcy filing in time to file an objection to exemption. Although the Supreme Court has not ruled on this precise issue, in a recent opinion it has held that the statute and rules are to be read literally, even if the debtor knowingly made false statements. *See*, *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644 (1992). Arguably, since creditors are represented by a trustee in this matter, the strict deadlines might apply even to a creditor who did not receive timely notice. However, in this case the evidence at the hearing established that the homestead exemption applied, that Debtor had not abandoned the homestead or otherwise waived it, and therefore the Court need not rest its decision simply on timeliness of an objection.

B.     **Property is Debtor's Homestead Under State Law**

Texas allows an exemption in up to 200 rural acres of land or 10 acres of urban land from the bankruptcy estate if the property is used for the purpose of a home. *See*, Tex. Prop. Code §§ 41.001, 41.002; Tex. Const. Art. XVI §§ 50, 51. An individual who seeks homestead protection has the initial burden to establish the homestead character of her property. *Bradley v. PAC. Southwest Bank, FSB* (*In re Bradley*), 960 F.2d 502, 507 (5th Cir. 1992). Evidence at the hearing clearly established that, at all relevant times, Debtor used the property as her residence. Although Debtor's property has been listed for sale for a year, at all times Debtor has retained

title to the property in her name, resided at the property, and has never established another residence.  The Court finds that the subject property is Debtor's homestead.

## C.      Exemption of Homestead under Texas State Law

The Bankruptcy Code allows Debtor to claim exemptions allowed under state law.  11 U.S.C. § 522(b).  The homestead exemption under Texas law comes from the Texas Constitution and the Texas Property Code.  Protection of the homestead is granted under both as follows:

> Sec. 50. (a) The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts…

Texas Const. Ann. Art. 16. (Vernon 2005).

> A homestead and one or more lots used for a place of burial of the dead are exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property.

Tex. Prop. Code Ann. § 41.001(a) (Vernon 2007).

Debtor's homestead is accordingly exempt property.

## D.      Avoidance of Lien under Federal Law

Ms. Peters contends that the homestead exemption is a protection only from forced sale of the homestead and not a protection from the attachment of a lien.  This alone does not address whether the judicial lien may be avoided.  Even if the lien is properly attached under state law, the avoidance of the lien is granted under federal law.[1]   The Bankruptcy Code provides for the avoidance of certain liens that impair an exemption in order to allow a Debtor a fresh start.  The Code provides in relevant part:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs

---

[1] Ms. Peters' interpretation is at least correct in that the Texas Constitution and Texas Property Code § 41.001 alone do not protect the homestead from the attachment of the lien.  *See*, *Matter of Henderson*, 18 F.3d 1305, 1309 (5th Cir. 1994) (judicial lien may attach to homestead under Texas law, even if not enforceable), *superseded* by statute on other grounds.  Subsequent to the Debtor filing her petition commencing the bankruptcy case and the motion to avoid lien, the Texas Property Code was amended to prevent judicial liens from attaching to the homestead.

> [A] first or subsequent abstract of judgment, when it is recorded and indexed in accordance with this chapter, if the judgment is not then dormant, constitutes a lien on and attaches to any real property of the defendant, <u>other than real property exempt from seizure or forced sale under Chapter 41, the Texas Constitution, or any other law,</u> that is located in the county in which the abstract is recorded and indexed, including real property acquired after such recording and indexing.

Tex. Prop. Code Ann. § 52.001 (Vernon 2007) (emphasis supplied).

> an exemption to which the debtor would have been entitled under
> subsection (b) of this section, if such lien is—
> a judicial lien…

11 U.S.C. § 522(f).

Ms. Peters contends that the judicial lien does not impair the exemption because it is not enforceable.  Determination of whether a debtor's exemption is "impaired" is a question of federal law:

> (2)(A) For the purposes of this subsection, a lien shall be
> considered to impair an exemption to the extent that the sum of—
>> (i) the lien;
>> (ii) all other liens on the property; and
>> (iii) the amount of the exemption that the debtor could claim if
>> there were no liens on the property;
> exceeds the value that the debtor's interest in the property would
> have in the absence of any liens.

11 USC § 522(f).

Ms. Peters argues that line (iii) of the equation provided in § 522(f)(2)(A), "the amount of the exemptions that the debtor could claim if there were no liens on the property," is limited to the value of the exemption listed on Debtor's Schedule C, $81,180.  This is incorrect for two reasons.  First, Debtor did not waive or limit her exemption by listing her equity as the value of the exemption on her schedules.  Schedule C is created in order to comply with § 522(l) to "file a list of property that the debtor claims as exempt."  Debtor did list the property in her schedules as exempt.  Schedule D shows that although the property is valued at $182,180, it is subject to a mortgage, which explains why Debtor did not list the full value of the property even though it is the property that is exempt, not some value of it.  Debtor's failure to check the box that her homestead exemption exceeds $125,000 is of no consequence.  This amount is only relevant in queries under § 522(p) and (q), neither of which applies here.

The Court has also considered *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644 (1992), and *Wissman v. Pittsburgh Nat. Bank*, 942 F.2d 867 (4th Cir. 1991), for the proposition that a debtor is bound by the value listed in the schedules.  *Taylor* holds that a court is prevented from reconsidering the validity of an exemption under § 522(l), even where there is no colorable support for the exemption, once the deadline to object has expired.  The debtor in *Taylor* claimed an unknown amount of proceeds from lawsuit as exempt.  After the objection period expired, it was determined that the proceeds exceeded the amount allowed for exemption.  *Taylor* does not support Ms. Peters' proposition.  *Taylor* turned on § 522(l) and whether a party could object to a debtor's claimed exemptions.  There is no discussion or support of the proposition that the debtor is somehow bound by the undervalued claimed exemption on otherwise fully exempt property.  *Wissman* also deals with a claimed exemption in unknown lawsuit proceeds.  The court found that the debtors' failure to list the amount of their exemption did not preclude them from realizing the full amount of exemption allowed under state law.

Second, the amount that "debtor could claim if there were no lien" is the full value of the

property.  This is consistent with the legislative history behind the avoidance of the lien.  The calculation at § 522(f)(2)(A) was meant to codify the guidance of *Owen v. Owen*, 500 U.S. 305, 310 (1991), into "a simple arithmetic test."  140 Cong. Rec. H10,764 (daily ed. Oct. 4, 1994), *reprinted in* Collier on Bankruptcy, App. Pt. 9(b) (15th ed. rev.).  To determine the application of § 522(f), one must look not to whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled but for the lien itself.  500 U.S. at 310.  Were there no liens, Debtor could claim full exemption of her property, which in this case is valued at $182,180.

Using the uncontested figures for (i) and (ii), the correct calculation for the formula is:

| | |
|---|---|
| (i) the lien: | $55,000 |
| (ii) mortgage: | $71,000 |
| (iii) exemption if no liens | $182,180 |
| **Sum** | **$308,180** |
| **Interest in property if no liens** | **$182,180** |

The sum exceeds the value that the debtor's interest in the property would have in the absence of any liens.  Thus, the lien clearly impairs Debtor's exemption and may be avoided under § 522(f).

### III.   CONCLUSION

For these reasons, Debtor's Motion to Avoid Lien is granted by separate order issued this date.

SIGNED 10/25/2007

_____
Wesley W. Steen
United States Bankruptcy Judge